

**SO ORDERED,**

**Judge Katharine M. Samson**
**United States Bankruptcy Judge**
**Date Signed: March 31, 2022**

The Order of the Court is set forth below. The docket reflects the date entered.

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| IN RE: AMY N. MURRAY | CASE NO. 20-01587-KMS |
| DEBTOR | CHAPTER 7 |
| | |
| DANA ROBERTSON | PLAINTIFF |
| V. | ADV. PROC. NO. 20-00032-KMS |
| AMY N. MURRAY | DEFENDANT |

### OPINION AND ORDER DENYING ROBERTSON'S MOTION FOR SUMMARY JUDGMENT (DKT. #71)[1] AND GRANTING MURRAY'S MOTION FOR PARTIAL SUMMARY JUDGMENT (DKT. #72)

THIS MATTER is before the Court on the Motion for Summary Judgment (Adv. ECF No. 71)[2] by Plaintiff Dana Robertson; Plaintiff's Memorandum in Support of Motion for Summary Judgment (Adv. ECF No. 76); Response in Opposition to Plaintiff's Motion for Summary Judgment (Adv. ECF No. 82) by Defendant Amy N. Murray; Defendant's Motion for Partial Summary Judgment (Adv. ECF No. 72); Defendant's Brief in Support of the Motion for Partial Summary Judgment (Adv. ECF No. 73); Plaintiff's Response to Defendant's Motion for Partial

---

[1] Consistent with Local Rules 5005-1 and 9004-1, the official docket numbers for the underlying documents are referenced in the title of this order as "(Dkt. #___)." *See* Miss. Bankr. L. R. 5005-1(a)(2)(E), 9004-1(b).

[2] Electronic case filing document numbers in the underlying Chapter 7 case are designated as "ECF No. ___." *See The Bluebook: A Uniform System of Citation* R. B17.1.4, at 26 (Columbia L. Rev. Ass'n et al. eds., 21st ed. 2020). Document numbers in this adversary proceeding are designated as "Adv. ECF No. ___."

Summary Judgment Adv. (ECF No. 80); Plaintiff's Memorandum in Opposition to Debtor's Motion for Partial Summary Judgment (Adv. ECF No. 81); and Defendant's Reply in Support of Motion for Partial Summary Judgment (Adv. ECF No. 83). The question is whether issue preclusion applies to a state court default judgment to preclude dischargeability litigation in this Court. Issue preclusion does not apply, and Plaintiff-Robertson's Motion for Summary Judgment should be denied and the Defendant-Murray's Motion for Partial Summary Judgment should be granted.

## *I. Jurisdiction*

The Court has jurisdiction over the parties to and the subject matter of this proceeding under 28 U.S.C. § 1334.[3] This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(I) and (J).

## *II. Procedural Background*

1. On May 26, 2020, Murray filed a petition for relief under Chapter 7 of the Bankruptcy Code. *See* Pet., ECF No. 1.

2. On September 15, 2020, Robertson filed a Complaint for Determination of Dischargeability and Objection to Debtor's Discharge ("Complaint") against Murray.[4] *See* Compl., Adv. ECF No. 1.

3. The Complaint states that Robertson is a judgment creditor in the amount of $500,000 as a result of a default judgment entered on November 13, 2018, in the Circuit Court of Oktibbeha County, Mississippi, and enrolled in the Circuit Clerk's Judgment Roll ("Default Judgment"). *See id.* at 2.

---

[3] References to code sections and chapters are to the United States Bankruptcy Code found at Title 11 of the United States Code.

[4] Although the title of the Complaint states that it is for "Determination of Dischargeability" as well as "Objection to Debtor's Discharge," the only relief sought is for exception of debt from discharge under § 523(a)(6). Denial of discharge under § 727 is not sought.

4. Robertson alleges that Murray willfully and maliciously injured her or her property or both by making false and defamatory statements that resulted in the judgment debt. *See id.* at 2-3. Relying on the Default Judgment, she requests a nondischargeable judgment under § 523 (a)(6) in the amount of $500,000 plus interest, attorney's fees and expenses. *Id.* at 3.

5. In her motion, Robertson states that the "sole issue in dispute is whether [Murray's] actions rise to the willful and/or malicious standard referenced in § 523(a)(6)." Adv. ECF. No. 71 at 1. She contends that Murray is "procedurally barred from relitigating the award of damages since she ignored the state court proceedings." *Id.* Robertson's view is that if the Court determines that Murray's actions do not satisfy the willful and malicious standard, then the debt will be dischargeable and the damages issue moot; but if the willful and malicious standard is met, then the debt will be nondischargeable. *Id.* at 2.

6. Murray asserts in her Motion for Partial Summary Judgment that the doctrine of collateral estoppel is inapplicable and does not preclude the parties from "trying in this bankruptcy court issues necessary to determine the dischargeability of the underlying judgment debt in question." Adv. ECF No. 72 at 1.

### *III. Summary Judgment Standard*

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (made applicable by Fed. R. Bankr. P. 7056). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law. An issue is 'genuine' if the evidence is sufficient for a reasonable [fact-finder] to return a verdict for the non-moving party." *Ginsberg 1985 Real Estate P'ship v. Cadle Co.*, 39 F.3d 528, 531 (5th Cir. 1994) (citations omitted). A party asserting that a fact either is genuinely disputed or cannot be genuinely disputed

must support the assertion by citations "to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A).

The moving party bears the initial responsibility of informing the court of the basis for its motion and the parts of the record that indicate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "Once the moving party presents the . . . court with a properly supported summary judgment motion, the burden shifts to the nonmoving party to show that summary judgment is inappropriate." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). But the nonmovant must meet its burden with more than "metaphysical doubt," "conclusory allegations," "unsubstantiated assertions," or a mere "scintilla" of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

On cross-motions for summary judgment, each movant must establish the absence of a genuine issue of material fact and the movant's entitlement to judgment as a matter of law. *Shaw Constructors v. ICF Kaiser Eng'rs, Inc.*, 395 F.3d 533, 538-39 (5th Cir. 2004). "If there is no genuine issue and one of the parties is entitled to prevail as a matter of law, the court may render summary judgment." *Id.* at 539.

### *IV. Undisputed Facts*

The following recitation of facts with authorities are listed in Murray's brief in support her motion and are undisputed except where noted. *See* Def.'s Br., Adv. ECF No. 73 at 2-4; Pl.'s Br.,

Adv. ECF No. 81 at 2-4. Because the issues presented by both motions are essentially the same, these undisputed facts will be considered for both motions.

1. On July 30, 2018, [Robertson] filed a Complaint for damages ("the Civil Complaint") against [Murray] in the Circuit Court of Oktibbeha County, Mississippi. (*See* Pl.'s Civil Compl.)

2. The Civil Complaint stems from alleged defamatory statements made by [Murray] on Twitter on July 21, 2018. (*Id.* ¶ 8.)

3. The alleged defamatory statements . . . include "accusations that [Robertson] is a 'grave robber,' devil worshiper and promiscuous whore." (*Id.* ¶ 9).

4. The Civil Complaint recites that the alleged defamatory statements "were made with malice and in bad faith with knowledge of their falsity or reckless disregard for the truth." (*Id.* ¶¶ 11, 17).

5. The Civil Complaint asserts that "[Robertson's] friends and family, including three of her four children, have all seen the alleged defamatory statements." (*Id.* ¶ 10).

6. [The] Civil Complaint alleges two causes of action: Libel and Intentional Infliction of Emotional Distress. (*Id.,* Counts I, II).

7. The . . . libel count asserts that the alleged defamatory statements made by [Murray] "amounts to, at least, negligence on the part of [Murray]." (*Id.* ¶ 15).[5]

8. In her Civil Complaint, [Robertson] requests both compensatory damages and punitive damages "in an amount to be determined by jury." (*Id*. at 4).

---

[5] Robertson denies this fact as stated and asserts that "[Robertson] specifically alleged in Count I that Murray's actions, in the alternative, 'amount to, at least, negligence on the part of the Defendant.' Put into its proper context, [Robertson] first and foremost alleged under Count I that Murray acted with malice and in bad faith." Adv. ECF No. 81 at 2-3.

9. [Robertson] filed an application for entry of default and supporting affidavit pursuant to Rule 55 of the Mississippi Rules of Civil Procedure on October 9, 2018, after [Murray] failed to plead or otherwise defend against the allegations in [the Civil] Complaint . . . . (Order Granting Default J. ¶¶ 3, 4).

10. On November 28, 2018, the Circuit Court of Oktibbeha County, Mississippi, issued an Order Granting Default Judgment, finding [Murray] "wholly in default" after "having failed to plead or otherwise defend" the allegations contained in [Robertson's Civil] Complaint. (*Id.* ¶ 3).

11. The Order Granting Default Judgment awarded Plaintiff $500,000 in damages. (*Id.* at 5).

12. The Order Granting Default Judgment gives no indication on which of the two counts of the [Civil] Complaint the judgment was rendered. (*See generally* Order Granting Default J.).

13. The Order Granting Default Judgment gives no indication whether the damages awarded were compensatory or punitive, and it does not state how the Court determined the appropriateness of that amount with respect to either [Robertson's] alleged injury or [Murray's] intent in making the alleged defamatory statements. (*See generally id.*).[6]

14. The only record evidence [Robertson] produced to support her Adversary Complaint was her state court Civil Complaint and the state court's Order Granting Default Judgment.

Def.'s Br., Adv. ECF No. 73 at 2-4; Pl.'s Br., Adv. ECF No. 81 at 2-4 (some recitations omitted).

15. The only documents identified by either party in support of their motions are the Complaint, the Default Judgment and the Civil Complaint. Adv. ECF. No. 74.

---

[6] Robertson admits this statement, adding, "[H]owever, [Robertson] would affirmatively state that such a general verdict is appropriate and in fact common." Adv. ECF No. 81 at 4. According to Robertson, "all damages in such a general verdict form are compensatory unless otherwise stated." *Id.*

## V. Analysis

### A. Issue Preclusion

"Issue preclusion, or collateral estoppel . . . promotes the interests of judicial economy by treating specific issues of fact or law that are validly and necessarily determined between two parties as final and conclusive." *United States v. Shanbaum*, 10 F.3d 305, 311 (5th Cir. 1994). "The party invoking collateral estoppel bears the burden of proving the defense." *Cannady v. Woodall*, No. 1:20cv130-HSO-RPM, 2021 WL 215490, at *3 (S.D. Miss. Jan. 21, 2021) (citing *McCarty v. Wood*, 249 So. 3d 425, 435 (Miss. Ct. App. 2018)).

#### *1. Application of Rooker-Feldman Doctrine and Full Faith and Credit Statute*

Under the *Rooker-Feldman* doctrine, "lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." *Lance v. Dennis*, 546 U.S. 459, 463 (2006). "The *Rooker-Feldman* doctrine asks: is the federal plaintiff seeking to set aside a state judgment, or does he present some independent claim . . . ?" *GASH Assocs. v. Vill. of Rosemont, Ill.*, 995 F.2d 726, 728 (7th Cir. 1993); *see also Truong v. Bank of Am., N.A.*, 717 F.3d 377, 382 (5th Cir. 2013) (*Rooker-Feldman* does not prevent independent claim even if it denies legal conclusion of state court). If there is not an independent claim, the federal court does not have jurisdiction. If there is an independent claim, then "state law determines whether the defendant prevails under principles of preclusion." *GASH Assocs.*, 995 F.2d at 728. "[T]he *Rooker-Feldman* doctrine does not deprive bankruptcy courts of subject matter jurisdiction to determine nondischargeability proceedings . . . because the Debtor does not seek a 'review of the merits of the state court judgment,' but to 'prevent the bankruptcy court from giving effect to the state court judgment.'" *Harris v. Kamps*

*(In re Kamps)*, 575 B.R. 62, 75 (Bankr. E.D. Pa. 2017) (quoting *Sasson v. Sokoloff (In re Sasson)*, 424 F.3d 864, 871 (9th Cir. 2005)).[7]

"The Full Faith and Credit Statute, 28 U.S.C. § 1738, generally requires 'federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so.'" *Griggs v. Chickasaw Cty., Miss.*, No. 1:16CV13-SA-RP, 2017 WL 3217095, at *2 (N.D. Miss. July 28, 2017) (first quoting *Allen v. McCurry*, 449 U.S. 90, 96 (1980) (issue preclusion); then quoting *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984) (claim preclusion)), *aff'd*, 930 F.3d 696 (5th Cir. 2019). "This statute has long been understood to encompass the doctrine[] of . . . collateral estoppel, or 'issue preclusion.'" *San Remo Hotel, L.P. v. City & Cty. of San Francisco, Cal.*, 545 U.S. 323, 336 (2005) (citing *Allen v. McCurry*, 449 U.S. at 94-96).

### *2. Issue Preclusion in Dischargeability Actions*

Issue preclusion principles apply in bankruptcy dischargeability proceedings. *Raspanti v. Keaty (In re Keaty)*, 397 F.3d 264, 270 (5th Cir. 2005) (citing *Grogan v. Garner*, 498 U.S. 279, 284 n.11 (1991)). Issue preclusion prevents "relitigation of 'those elements of the claim that are identical to the elements required for discharge and which were actually litigated and determined in the prior action,'" *State Farm Mut. Auto. Ins. Co. v. Gatlin (In re Gatlin)*, Adv. No. 1200075EE, 2013 WL 2250304, at *6 (Bankr. S.D. Miss. May 22, 2013) (quoting *Grogan*, 498 U.S. at 284),

---

[7] "[B]ankruptcy courts have exclusive jurisdiction to determine whether debts are non-dischargeable under § 523(a)(2), (4), or (6). A state court has jurisdiction, concurrent with the bankruptcy court, to determine the dischargeability of all other debts." *Everly v. 4745 Second Ave., Ltd. (In re Everly)*, 346 B.R. 791, 796 (B.A.P. 8th Cir. 2006). *See also Arnold v. Phillips (In re Phillips)*, Adv. No. 19-03009, 2021 WL 3701814, at *5 (Bankr. N.D. Fla. June 28, 2021) ("Bankruptcy courts have exclusive jurisdiction over § 523(a)(6) nondischargeability actions."); *Zachary v. Hampton (In re Hampton)*, No. 2:19-ap-07011, 2019 WL 9828489, at *3 (Bankr. W.D. Ark. Dec. 18, 2019) ("dischargeability determinations are core proceedings under 28 U.S.C. § 157(b)(2)(I) and are unique to bankruptcy" and "[i]n particular, bankruptcy courts have exclusive jurisdiction over actions under § 523(a)(6)"); *Stark v. Vickers (In re Vickers)*, Adv. No. 07-3517, 2009 WL 2960770, at *2 (Bankr. S.D. Tex. Sept. 10, 2009) ("Section 523(c)(1) gives the bankruptcy court exclusive jurisdiction to determine the dischargeability of debts excepted from discharge under section 523(a)(6).").

and "can provide an alternative basis to satisfy the elements of § 523(a)(6)," *In re Keaty*, 397 F.3d at 270. However, issue preclusion applies in bankruptcy court only if "the first court has made specific, subordinate, factual findings on the identical dischargeability issue in question—that is, an issue which encompasses the same *prima facie* elements as the bankruptcy issue—and the facts supporting the court's findings are discernible from the court's record." *In re Keaty*, 397 F.3d at 271 (quoting *Dennis v. Dennis (In re Dennis),* 25 F.3d 274, 278 (5th Cir.1994)).

### 3. Mississippi Law Applies

"To determine the preclusive effect of a state-court judgment, a court must apply the rules of preclusion of the state where the judgment was rendered." *Free v. Winborne (In re Free)*, 761 F. App'x 314, 317 (5th Cir. 2019) (citing *Plunk v. Yaquinto (In re Plunk)*, 481 F.3d 302, 307 (5th Cir. 2007)); *see also Davis v. Chase Home Fin., L.L.C.*, 597 F. App'x 249, 252 (5th Cir. 2015) (because judgments were rendered by Mississippi state court, Mississippi rules of preclusion must be applied).

## B. Issue Preclusion Under Mississippi Law

### 1. Elements

Mississippi law recognizes that "[c]ollateral estoppel exists to prevent parties from relitigating issues authoritatively decided on their merits in prior litigation . . . ." *Cannady v. Woodall*, 2021 WL 215490, at *3 (internal quotations omitted) (quoting *Miss. Sand Sols., LLC v. Otis*, 312 So. 3d 349, 355 (Miss. 2020). "Under Mississippi law, the doctrine of collateral estoppel precludes re-litigation of a specific issue that was (1) actually litigated in the former action; (2) determined by the former action; and (3) essential to the judgment in the former action." *Estate of Necaise v. Necaise (In re Necaise)*, Adv. No. 12-05011-KMS, 2013 WL 4590890, at *2 (Bankr.

S.D. Miss. Aug. 28, 2013) (citing *Am. Casualty Co. v. United S. Bank,* 950 F.2d 250, 253 (5th Cir.1992)).

"The requirement that an issue be 'actually litigated' for collateral estoppel purposes simply requires that the issue is raised, contested by the parties, submitted for determination by the court, and determined." *In re Keaty*, 397 F.3d at 272 (citing *McLaughlin v. Bradlee*, 803 F.2d 1197, 1201 (D.C. Cir. 1986)). A question of fact is "essential" when "the verdict could not have been rendered without deciding the matter." *Cannady v. Woodall*, No. 1:20-CV-130-HSO-RPM, 2020 WL 8515056, at *4 (S.D. Miss. Dec. 3, 2020) (emphasis omitted) (citing *Miss. Emp't Sec. Comm'n v. Phila. Mun. Separate Sch. Dist. of Neshoba Cty.*, 437 So. 2d 388, 396 n.8 (Miss. 1983)), *R. & R. adopted*, No. 1:20CV130-HSO-RPM, 2021 WL 215490 (S.D. Miss. Jan. 21, 2021).

But, collateral estoppel is "an unusual exception to the general rule that all fact questions should be litigated fully in each case." *Miss. Emp't Sec. Comm'n*, 437 So. 2d at 397. Even where the doctrine is found permissible, it is not an "inflexible command[] which must be brutally enforced in all cases" and it should not be applied "where there is room for suspicion regarding the reliability of those first fact-findings." *Gibson v. Williams, Williams & Montgomery*, *P.A.*, 186 So. 3d 836, 845-46 (Miss. 2016).

### *2. Application to Default Judgments*

Under Mississippi law, a default judgment can be the basis for collateral estoppel. *See Gilleylen v. Evans (In re Evans)*, 252 B.R. 366, 371 (Bankr. N.D. Miss. 2000) (collateral estoppel applied in § 523(a)(6) action on judgment for damages where affidavit of state court judge on writ of inquiry concluded that conduct was willful and malicious); *Blake v. Custom Recycling Servs., Inc.,* No. 1:15-cv-00055-GHD, 2015 WL 6704457, at *4 (N.D. Miss. Nov. 3, 2015) (collateral estoppel applies to default judgment whether considered under federal or Mississippi law). "[A]

default judgment is entitled to preclusive effect since the failure to answer a civil action amounts to a confession, and the subsequent entry of the judgment is a final adjudication." 2 Jeffrey Jackson & Mary Miller, *Encyclopedia of Mississippi Law* § 14:8 (2d ed.), Westlaw (database updated Oct. 2021).

## C. 523(a)(6) Exception from Discharge

### 1. Debt for Willful and Malicious Injury

The Bankruptcy Code excepts from discharge "*any debt*[8]—*for* willful and malicious injury by the debtor" to another person or their property. 11 U.S.C. § 523(a)(6) (emphasis added); *see Cohen v. de la Cruz,* 523 U.S. 213, 220 (1998) ("debt for" is used in § 523(a) to mean "'debt as a result of,' 'debt with respect to,' 'debt by reason of,' and the like"); *Fid. Fin. Servs. v. Cox (In re Cox)*, 243 B.R. 713, 720 (Bankr. N.D. Ill. 2000) ("[U]nder 11 U.S.C. § 523(a)(6), the debt is barred from discharge only for a debt '*for* willful and malicious injury'. . . meaning debt incurred by the intentional harm."). The creditor has the burden of proof to "establish that the debt is non-dischargeable by a preponderance of the evidence." *McClung v. Castaneda (In re Castaneda)*, Adv. No. 21-3051, 2022 WL 245929, at *5 (Bankr. S.D. Tex. Jan. 26, 2022) (citing *Grogan v. Garner*, 498 U.S. at 291).

### 2. Willful and Malicious Standard

For a debt to be excepted from discharge under § 523(a)(6), "a plaintiff must establish three elements: (1) injury by the debtor; (2) to another (or property of another); and (3) such injury was willful and malicious." *In re Necaise*, 2013 WL 4590890, at *4 (citing *Whitney Nat'l Bank v. Phillips*, Adv. No. 09-00033-NPO, 2010 WL 5093388, at *6 (Bankr. S.D. Miss. Dec. 8, 2010)). For an injury to be willful and malicious, "[t]here must be either an 'objective substantial certainty

---

[8] "Debt" under the Bankruptcy Code means "liability on a claim." 11 U.S.C. § 101(12).

of harm or a subjective motive to cause harm.'" *Lee v. Weatherford (In re Weatherford)*, Adv. No. 21-03059-sgj, 2022 WL 174213, at *3 (Bankr. N.D. Tex. Jan. 19, 2022) (quoting *Miller v. J.D. Abrams Inc. (In re Miller)*, 156 F.3d 598, 606 (5th Cir. 1998)).

### *D. Evaluation of Issue Preclusion Elements*

Robertson asserts issue preclusion only as to the damages portion of the Default Judgment and acknowledges that the issue of whether Murray's actions were willful and malicious under § 523(a)(6) is in dispute and for the Court to determine. Adv. ECF No. 71 at 1-2. Murray's Motion for Partial Summary Judgment refers more generally to applicability of collateral estoppel to issues necessary to determine the dischargeability. Adv. ECF No. 72 at 1. This Court will consider whether issue preclusion applies on the liability finding as well on the damage award.

#### *1. Was the Issue (of Willful and Malicious Injury) Actually Litigated or Determined?*

The ultimate question in this adversary proceeding is whether the debt evidenced by the Default Judgment is a debt for willful and malicious injury by Murray to Robertson, thus making the debt nondischargeable. Murray's actions must have been substantially certain to cause injury or Murray must have had a subjective motive to cause harm. For issue preclusion to apply, that specific issue must have been actually litigated, determined by, and essential to the judgment in the former action.

The Default Judgment does not state the legal grounds on which it was rendered, nor does it include findings or determinations on elements that would also satisfy the willful and malicious standard under § 523(a)(6).[9] "[C]ollateral estoppel cannot attach to a non-existent finding." *Gupta*

---

[9] Murray contends that "no specific finding of willfulness or maliciousness can be ascertained or presumed from the state court's award of damages" and that "it is impossible for this Court to 'determine what was the basis for the issuance' of the judgment debt." ECF No. 82 at 3 (capitalization altered) (citing *Schwager v. Fallas (In re Schwager)*, 121 F.3d 177, 183 (5th Cir. 1997)). In *Schwager*, the court determined under Texas law that collateral estoppel did not apply to a state court judgment where it was not possible to determine if the basis for all of the damages was a basis for exception from discharge. *Id.* at 182-83.

*v. E. Idaho Tumor Inst., Inc. (In re Gupta)*, 394 F.3d 347, 350 (5th Cir. 2004). Where findings are "insufficiently precise to govern the dischargeability determination for federal purposes," collateral estoppel is not warranted. *Id.* at 352. The Default Judgment is imprecise as to whether it is based on a claim requiring a willful and malicious standard rather than a negligence standard. An action under § 523(a)(6) must be based on something more than negligence. *See Kawaauhau v. Geiger*, 523 U.S. 57, 64 (1998) ("We hold that debts arising from recklessly or negligently inflicted injuries do not fall within the compass of § 523(a)(6)."). And Murray argues that under Mississippi law, malice is not required to prove libel and that a claim for defamation may be established on negligence. Adv. ECF No. 82 at 4-5 (first citing *Brewer v. Memphis Publ'g Co.*, 626 F.2d 1238, 1247 (5th Cir. 1980); then citing *Moon v. Condere Corp.*, 690 So. 2d 1191, 1195 (Miss. 1997)).

Application of the issue preclusion doctrine requires, initially, an identification of the same specific issue as in the former action. Where, as here, the specific issue litigated cannot be identified, issue preclusion cannot be applied.

### *2. Should the Entire Damage Award Be Subject to Exception from Discharge for Willful and Malicious Injury?*

Robertson argues that the Court's "sole concern should be whether the debt owed under the [D]efault [J]udgment is dischargeable or nondischargeable" and that the Court may not reevaluate or reconsider the reasonableness of the damage award, arguing that bankruptcy courts may not enter money judgements on debts determined nondishargeable.[10] Pl.'s Br., Adv. ECF No.

---

[10] *See Cambio v. Mattera (In re Cambio)*, 353 B.R. 30, 34-35 (B.A.P. 1st Cir. 2004); *First Omni Bank, N.A. v. Thrall (In re Thrall),* 196 B.R. 959, 972 (Bankr. D. Colo. 1996); *Porter Cap. Corp. v. Hamilton (In re Hamilton)*, 282 B.R. 22, 25 (Bankr. W.D. Okla. 2002); *ServisFirst Bank v. Jordan (In re Jordan)*, Adv. No. 17-3092-WRS, 2019 WL 1284291, at *3 (Bankr. M.D. Ala. Feb. 20, 2019).

76 at 7. But in the Fifth Circuit, bankruptcy courts have jurisdiction to enter money judgments on such debts. *Morrison v. W. Builders of Amarillo, Inc. (In re Morrison)*, 555 F.3d 473, 480 (5th Cir. 2009) ("[W]e opt to follow the overwhelming authority and agree that the bankruptcy court had jurisdiction to enter judgment . . . for the debt . . . after it found the debt nondischargeable.").

It is not discernable from the record or the Default Judgment whether any of the $500,000 damage award is for a willful and malicious injury within the scope of § 523(a)(6). The Default Judgment recites only that Murray was wholly in default after having failed to plead or otherwise defend and that Robertson should be awarded damages in the amount of $500,000.

The Civil Complaint provided no calculation of damages[11] whatsoever and damages were unliquidated.[12] Likewise, the Default Judgment makes no reference to any evidentiary hearing to determine the amount of damages as required by Mississippi law. *See Journey v. Long*, 585 So. 2d 1268, 1272 (Miss. 1991) ("Because plaintiffs' claims were not for liquidated damages, a hearing was required.").[13] Awards for unliquidated damages "must be supported by evidence, and such

---

[11] *See Greater Canton Ford Mercury, Inc. v. Lane*, 997 So. 2d 198, 206 (Miss. 2008) (quoting *Bailey v. Beard*, 813 So. 2d 682, 686 (Miss. 2002) (in default judgment cases, "the record must also 'reflect how [the] damages are calculated.'").

[12] Under Mississippi law, liquidated damages are "those that 'are set or determined by a contract when a breach occurs. Unliquidated damages are damages that have been established by a verdict or award but cannot be determined by a fixed formula, so they are left to the discretion of the judge or jury." *Woodkrest Custom Homes Inc. v. Cooper*, 108 So. 3d 460, 463 (Miss. Ct. App. 2013) (*quoting Moeller v. Am. Guarantee & Liab. Ins. Co.*, 812 So. 2d 953, 959 (Miss. 2002)).

[13] *See* Miss. R. Civ. P. 55(b) ("If in order to enable the court to enter judgment or to carry it into effect it is necessary . . . to determine the amount of damages . . . the court may conduct such hearing . . . ."); *Allstate Ins. Co. v. Green*, 794 So. 2d 170, 176 (Miss. 2001) ("Because a default judgment does not act as an admission as to damages by the defaulting party, the circuit court was obligated to hold a hearing on damages." (citing *Journey*, 585 So. 2d at 1272)); *Treadwell v. Glenstone Lodge, Inc. (In re Treadwell)*, 459 B.R. 394, 413 (Bankr. W.D. Mo. 2011) (construing similar Tennessee law, court stated that "the amount of damages in a default judgment is not necessarily subject to collateral estoppel" and that defendant "impliedly confesses all of the material allegations of fact contained in his complaint, *except the amount of the plaintiff's unliquidated damages.*"); *Cap. One Auto Fin. v. Nabors, Inc.,* No. 4:16-CV-244-DMB-JMV, 2020 WL 1491485, at *2 (N.D. Miss. Mar. 27, 2020) (federal court recognized that default judgment establishes liability but does not establish amount of damages and court may not award damages without a hearing unless amount is liquidated or capable of calculation).

evidence must be reflected in the record." *Indymac Bank, F.S.B. v. Young*, 966 So. 2d 1286, 1291 (Miss. Ct. App. 2007). "In the absence of supporting evidence, the actual award of damages is void." *Id.* And "no amount of time or delay may cure a void judgment." *Id.* at 1290; *see also Taylor v. F. & C. Contracting Co.*, 362 So. 2d 625, 628 (Miss. 1978) (court recognized that default judgment was void where it awarded damages not charged or demanded in the declaration and was vague and speculative).[14] Because the Default Judgment would not be entitled to preclusive effect under state law, it should not be given preclusive effect in this Court.[15] *See Gauthier v. Cont'l Diving Servs.*, 831 F.2d 559, 561 (5th Cir. 1987) (a federal court should not be required to apply *Rooker-Feldman* in a way that would "give greater deference to a state court judgment than a court of the state in which the judgment was rendered would give it"); *Demory v. Martin (In re Martin)*, 630 B.R. 766, 781 (Bankr. S.D. Miss. 2021) (same).

And even if the Default Judgment is not recognized as void, the outcome does not change because this Court would still be required to determine under § 523(a)(6) what damages awarded by the state court, if any, resulted from a willful and malicious injury as opposed to negligence, since both were pled in the state court complaint.[16] *See Nat'l Diversity Council v. Carter (In re*

---

[14] *See also Gober v. Terra + Corp. (In re Gober)*, 100 F.3d 1195, 1202 (5th Cir. 1996) (in considering preclusive effect of Texas default judgment court stated that "a void judgment has no preclusive effect in a bankruptcy proceeding"); *In re Killmer*, 501 B.R. 208 (Bankr. S.D.N.Y. 2013) ("There is a specific exception to the application of the *Rooker-Feldman* doctrine when the state court judgment is void."); *but see Marshall v. Abdoun (In re Marshall)*, Adv. No. 17-00088-AMC, 2021 WL 60552796, at *7-9 (Bankr. E.D. Pa. Dec. 21, 2021) (disagreeing with courts that have recognized exception to *Rooker-Feldman* where state judgment is void ab initio).

[15] *See Patriot Com. Leasing Co. v. Jerry Enis Motors, Inc.*, 928 So. 2d 856, 863 (Miss. 2006) ("a judgment which is void is subject to collateral attack both in the state in which it is rendered and in other states" (quoting *Lambert v. Lawson*, 538 So. 2d 767, 769 (Miss.1989))); 50 C.J.S. *Judgments* § 1038, Westlaw (database updated Mar. 2022) (void judgment may not be given conclusive effect whether invalidity results from want of jurisdiction or want of authority to go beyond pleadings); *but cf. In re Young,* No. 07-10991-NPO, 2008 WL 4279966, at *4 (Bankr. N.D. Miss. May 9, 2008) (res judicata preclusion applied in bankruptcy claims litigation to damages established by default judgment where state court held hearing and damages were liquidated).

[16] Murray argues that

*Carter)*, Adv. No. 17-03446, 2018 WL 6060391, at *19 (Bankr. S.D. Tex. Nov. 19, 2018) ("When a jury awards damages on alternative grounds, issue preclusion does not apply to either ground. In that circumstance, a bankruptcy court must hold an evidentiary hearing to decide dischargeability and apportion damages if some result from a nondischargeable debt." (citing *In re Schwager*, 121 F.3d at 184))); *Perry v. Judge (In re Judge)*, 630 B.R. 338, 347 (B.A.P. 10th Cir. 2021) (no error where bankruptcy court excepted full amount of state court damages from discharge although there had been no apportionment between damages for negligence and for assault and battery).

*E. Conclusions*

Because issue preclusion does not apply, Robertson is not entitled to summary judgment as a matter of law and Robertson's motion should be denied. On the other hand, Murray has satisfied her burden on summary judgement and her motion should be granted.

*VI. Order*

Issue preclusion does not apply to the Default Judgment to prevent this Court from determining whether the debt owed to Robertson by Murray is for willful and malicious injury under § 523(a)(6), and to determine what damages, if any, are for willful and malicious injury under § 523(a)(6). Accordingly,

**IT IS THEREFORE ORDERED AND ADJUDGED** that Robertson's Motion for Summary Judgment is **DENIED**.

---

> this Court is unable to determine, based on the record evidence, that the full amount of damages (or any of the amount awarded) falls within the scope of a nondischargeable debt since Plaintiff has not produced any evidence to demonstrate (and the record does not address) that the entirety of the judgment debt is the result of a "willful and malicious injury" under 11 U.S.C. § 523(a)(6) in accordance with the federal standard.

Adv. ECF No. 82 at 2.

**IT IS FURTHER ORDERED AND ADJUDGED** that Murray's Motion for Partial Summary Judgment is **GRANTED**.

**IT IS FURTHER ORDERED** that the parties are directed to contact the Court within thirty days to request a status conference at which time further proceedings may be discussed or a trial date may be set.

*##END OF ORDER##*